UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,       Case No. 6:06-cr-60089-AA

    Plaintiff,                         OPINION AND ORDER

    v.

JOAQUIN RAMIREZ AVILA
aka OSCAR LOPEZ ROBLES,

    Defendant.
_____

AIKEN, Chief Judge:

Defendant moves for a two-level reduction in his guidelines sentencing range under Amendment 782 of the United States Sentencing Guidelines (USSG), which alters the base offense level for certain methamphetamine offenses.[1] The government responds that defendant is not eligible for relief under Amendment 782, because his ultimate sentencing range remains unaffected. See USSG §

---

[1] Amendment 782 became effective on November 1, 2014. However, any relief granted under the amendment may not go into effect until November 1, 2015.

1   - OPINION AND ORDER

1B1.10(a)(2)(B); <u>United States v. Leniear</u>, 574 F.3d 668, 673-74 (9th Cir. 2009).

In this case, the court applied the two-level reduction for mitigating role under USSG § 2D1.1(a)(5)(i) and found a base offense level of 30; the court ultimately found that his offense level was 25. The government explains that if defendant received a two-level reduction in his base offense level under Amendment 782, he would be ineligible for the reduction under § 2D1.1(a)(5)(i) and his offense level would remain the same. Defendant does not contest the government's analysis, and I agree that it is sound.

Defendant's base offense level would be 30 if he received a two-level reduction under Amendment 782. However, a reduction under § 2D1.1(a)(5)(i) is unavailable unless the base offense level is 32 or higher. Thus, if the court applied Amendment 782, defendant would not receive the § 2D1.1 reduction and his base offense level would remain 25.

Therefore, defendant' Motion to Modify Sentence (doc. 27) is DENIED.

IT IS SO ORDERED.

Dated this 31st day of March, 2015.

_____
Ann Aiken
United States District Court

2    - OPINION AND ORDER